IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRED ROOTERS, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. _____ | |
| § | | |
| COFFEE HOUSE CAFE § | | |
| MANAGEMENT, LLC and § | | |
| CARRIE KELLEHER § | | |
|    Defendant. § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff, Fred Rooters, individually and on behalf of all others similarly situated files this Original Complaint, and in support shows the Court the following:

### I. SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. Seq. Plaintiff worked for Defendants as a waiter where his primary responsibility was waiting on customers, including taking meal orders and serving food. Plaintiff was paid less than the required minimum wage. Plaintiff also routinely worked in excess of forty hours per week, but was not properly paid overtime wages for the hours he worked in excess of forty hours per workweek.

### II. PARTIES

2. Plaintiff Fred Rooters is an individual residing in Dallas County, Texas. His consent to join this lawsuit is attached as "Exhibit A."

3. The Plaintiff and "Class Members" are Defendants' current and former employees whose primary responsibilities included waiting on customers, including

taking meal orders and serving food. This includes Defendants' Waiters, Waitresses, Wait Staff, Servers, and individuals working under other titles performing these duties.

4. Defendant Coffee House Cafe Management, LLC is a Texas Limited Liability Company with its principal place of business at 6510 Frankford Road, Dallas, Texas 75252 and has appointed Corporate Administrative Services, LLC at The Fairways I, 16250 Knoll Trail, Ste. 107, Dallas, Texas 75248 as its agent for service of process.

5. Defendant Carrie Kelleher is an individual and sole managing member of Coffee House Cafe Management, LLC and resides in Collin County at 6720 Dupper Drive, Dallas, Texas 75252.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

### IV. COVERAGE

7. At all material times, Coffee House Café and Carrie Kelleher ("Defendants") have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

8. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

V. FACTUAL FLSA ALLEGATIONS

12. Defendants have had business operations in Texas and its annual gross volume of sales made or business done exceeds $500,000.00 per year.

13. Plaintiff Fred Rooters ("Plaintiff") worked, as a Waiter for Defendants within the last three years.

14. Defendants controlled all aspects of Plaintiff's work. Defendants assigned the work, provided equipment, and set the schedules. Plaintiff was required to adhere to the schedule set by the Defendants. Defendants also dictated the manner in which Plaintiff performed his duties as well as how much Plaintiff was to be paid for performing his duties as a waiter.

15. As a waiter, Plaintiff's primary duties included waiting on customers, including taking meal orders and serving food. Plaintiff's job duties were routine and rote

and do not include the exercise of discretion and independent judgment with respect to matters of significance.

16. As a waiter, Plaintiff handled materials in interstate commerce.

17. It was and still is Defendants' practice to claim the statutory tip credit for its Waiters, Waitresses, Wait Staff, Servers, and individuals working under other titles performing these duties.

18. Plaintiff was regularly paid $2.13 an hour while working as a waiter due to the tip credit taken by Defendants. However, Defendants did not provide Plaintiff with required notice in order to claim and use the statutory tip credit. Defendants also required Plaintiff to participate in an unlawful tip pool or tip sharing arrangement. As a result, Defendants failed to pay Plaintiff the full minimum wage for all hours worked.

19. Plaintiff routinely worked over forty hours per week. However, Plaintiff was not properly paid overtime for all hours worked in excess of forty hours every week in which they work. Defendants knew that Plaintiff worked in excess of forty hours per week and allowed and directed him to do so. Instead, Defendants exceeded any allowable tip credit and paid Plaintiff less than one and a half times the required regular rate of pay for all overtime hours worked in excess of forty hours in each workweek.

20. Plaintiff is entitled to receive the minimum wage for all hours worked and overtime wages at one and a half times the regular rate of pay for all hours worked in excess of forty hours per workweek. Defendants were aware of the FLSA's minimum wage, overtime, and tip credit requirements and chose not to provide proper notice to Plaintiff and not to pay Plaintiff the proper minimum and overtime wages. Defendants willfully violated the wage requirements under the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff incorporates the preceding paragraphs by reference.

22. Plaintiff and Class Members performed the same or substantially similar job duties as one another as described in the preceding paragraphs in that the Class Members were other employees responsible for waiting on customers, including taking meal orders and serving food. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and not provided with notice, were required to participate in an invalid tip pool, and were not paid proper minimum wages. Additionally, Class Members regularly worked overtime in excess of forty hours a week without being paid one and a half times the regular rate of pay. Accordingly, the Class Members were victimized by Defendants' unlawful pattern and practices and are similarly situated to Plaintiff in terms of job duties and pay provisions.

23. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to receive the compensation for the proper minimum wage and compensation for overtime hours worked in excess of forty hours per workweek. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

24. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. Plaintiff incorporates the preceding paragraphs by reference.

26. During the relevant period, Defendants violated the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. § 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, without paying employees the proper minimum wage and for workweeks longer than 40 hours without compensating employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

## VIII. RELIEF SOUGHT

27. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages and lost wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit);

   b. For an Order awarding Plaintiff (and those who may join the suit) the costs of this action;

c. For an Order awarding Plaintiffs (and those who may join the suit) attorneys' fees;

d. For an Order awarding Plaintiff (and those who may join the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**STACY COLE LAW, PC**

/s/ *Stacy Cole*
**STACY L. COLE**
Texas Bar No. 24082840
**TYLER GREGSTON**
Texas Bar No. 24096907

7929 Brookriver Drive, Ste. 110
Dallas, Texas 75247
Tel: (214) 800-5199
Fax: (214) 865-6637
scole@stacycolelaw.com

**ATTORNEYS FOR PLAINTIFFS**